JS-6

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—GENERAL

| Case No. | **CV 23-9037-KK-ASx** | | Date: | February 21, 2024 |
|---|---|---|---|---|

| Title: | *Christina Kendrick v. Mindlance Inc., et al.* |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 31]**

## I.
## INTRODUCTION

On August 4, 2023, plaintiff Christina Kendrick ("Plaintiff") filed a Complaint in Los Angeles Superior Court against defendants Mindlance, Inc., Nike, Inc., and Sarah Benjamin (collectively, "Defendants") alleging violations of California's Labor Code. ECF Docket No. ("Dkt.") 5, Declaration of Shelby Bird ("Bird Decl."), ¶ 3 Ex. A, Complaint ("Compl."). On October 26, 2023, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Dkt. 1.

On January 11, 2024, Plaintiff filed a Motion to Remand the matter to Los Angeles Superior Court arguing the Court lacks subject matter jurisdiction because defendant Benjamin and Plaintiff are both California residents, and thus, complete diversity is destroyed. Dkt. 31-1 at 4-5.

On February 1, 2024, Defendants filed an Opposition to the Motion to Remand arguing defendant Benjamin is a sham defendant and has been fraudulently joined because defendant Benjamin cannot be held individually liable for any of the causes of action Plaintiff raises against her. Dkt. 32 at 9-15. Defendants argue Plaintiff cannot establish liability against defendant Benjamin in her individual capacity because "[e]ach of the Labor Code provisions under which Plaintiff asserts her first through eighth causes of action imposes liability only on an 'employer,'" and under Section 558 of California Labor Code, defendant Benjamin does not meet the definition of an employer. Id. at 11, n.2; 12-15.

The Court finds this matter appropriate for resolution without oral argument.  See FED. R. CIV. P. 78(b); L.R. 7-15.  For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Remand.[1]

## II.
## RELEVANT BACKGROUND

Plaintiff is a former employee of defendant Mindlance, "a staffing firm that hires and assigns technological, scientific, digital, creative, and industry specialized professionals to work on temporary projects for client employers throughout the United States as well as internationally." Compl. ¶ 10.  Plaintiff alleges defendant Mindlance placed Plaintiff "in a project manager role with its client, Defendant Nike[.]"  Id. ¶ 15.  "This engagement was memorialized in a written agreement . . . in which [Plaintiff] would begin a one-year term with [defendant Nike], effective January 10, 2022."  Id.  Plaintiff "worked continuously for [defendant Nike], on behalf of the Company, through on or about October 3, 2022."  Id. ¶ 16.

Plaintiff alleges defendant Benjamin resides in California and is "a director, officer, and/or managing agent of [defendant Nike] within the meaning of California Labor Code section 558.1 and California Civil Code section 3294."  Id. ¶¶ 8-9.  Defendant Benjamin, a Senior Director of Program Management in the Los Angeles area for defendant Nike, claims she is "not an owner, director, officer, or managing agent of [defendant Nike]."  Dkt. 4, Declaration of Sarah Benjamin ("Benjamin Decl."), ¶ 4.  She further claims she does "not exercise substantial independent authority and judgment in corporate decision making."  Id. ¶ 5.

Plaintiff alleges she "reported directly to [defendant Benjamin]" and "did not report directly to anyone at Mindlance."  Id. ¶ 18; Benjamin Decl. ¶ 3.  At the beginning of her employment, Plaintiff "worked a heavy work schedule, from about 6 a.m. to 7 p.m daily[,]" due to defendant Nike's "willful understaffing of the project and unit in which [Plaintiff] worked."  Id. ¶ 21.  In May 2022, defendant Benjamin was scheduled to be out on vacation.  Id. ¶ 24.  Defendant Benjamin "left [Plaintiff] with the task of onboarding and training" an employee who was brought in "to help [defendant Benjamin's] marketing program team."  Id. ¶¶ 23, 24.  Defendant Benjamin also left Plaintiff with the task of "running the entire marketing program while [defendant Benjamin] was out."  Id. ¶ 24.

For the hours Plaintiff "logged between January and July 2022, [Plaintiff] was instructed by [defendant Benjamin] to record no more than eight hours per workday."  Id. ¶ 26.  Plaintiff "repeatedly protested this directive" from defendant Benjamin, but defendant Benjamin "did not seem to care."  Id. ¶¶ 27, 28.  Plaintiff reported the unpaid hours and instructions from defendant Benjamin to defendant Mindlance.  Id. ¶ 28.  Plaintiff alleges she was "essentially told to comply with [defendant Benjamin's] unlawful directives to not record all hours worked for fear that the 'contract money would run out' prematurely."  Id.  Plaintiff alleges defendant Mindlance told Plaintiff "they would work out some sort of deal with her after the contract concluded . . . to cover for [defendant Nike's] unlawful directives," but this never happened.  Id. ¶¶ 29-30.

---

[1] While the Court finds Defendants' allegations regarding Plaintiff's counsel's failure to meet and confer concerning, dkt. 32 at 7, the Court proceeds to the merits of the Motion.

In October 2022, defendant Mindlance contacted Plaintiff to let her know defendant Nike "had decided to end the Agreement early[.]"  Id. ¶ 32.

## III.
## PROCEDURAL HISTORY

On August 4, 2023, Plaintiff filed the operative Complaint in Los Angeles Superior Court raising the following causes of action against all Defendants:

1. **Cause of Action One:**  Failure to pay earned wages in violation of Section 204 of California Labor Code;
2. **Cause of Action Two:**  Failure to pay minimum wages in violation of Sections 1182.12, 1194, 1197, 1198 and IWC Wage Order Nos. 4-2001 and 1-2001;
3. **Cause of Action Three:**  Failure to pay minimum wages in violation of Sections 187.02 and 188.07 of Los Angeles Municipal Code
4. **Cause of Action Four:**  Failure to pay overtime compensation in violations of Sections 510, 1194, and 1198 of California Labor Code and IWC Wage Order Nos. 4-2001 and 1-2001;
5. **Cause of Action Five:**  Failure to pay meal period compensation in violation of Sections 226.7, 512, and 1198 of California Labor Code and IWC Wage Order Nos. 4-2001 and 1-2001;
6. **Cause of Action Six:**  Failure to pay rest period compensation in violation of Sections 226.7, 1198 and IWC Wage Order Nos. 4-2001 and 1-2001;
7. **Cause of Action Seven:**  Failure to furnish wage and hour statements in violation of Section 226 of California Labor Code; and
8. **Cause of Action Eight:**  Failure to pay waiting time penalties in violation of Sections 201 and 203 of California Labor Code.

Compl. at 9-15.

On October 26, 2023, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) "because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000[.]"  Dkt. 1 at 4. According to defendants Mindlance, Inc. and Nike, Inc., Plaintiff is a citizen of California because she is domiciled in California.  Id.  Defendant Nike, Inc. is a citizen of Oregon because it is "a corporation organized under the laws of the state of Oregon with their headquarters and offices principally located" in Beaverton, Oregon.  Id. at 4-5.  Defendant Mindlance, Inc. is a citizen of New Jersey because it is "a corporation organized under the laws of the state of New Jersey with their headquarters and offices principally located" in Union, New Jersey.  Id. at 5.

At the time the Notice of Removal was filed, defendants Mindlance, Inc. and Nike, Inc. alleged defendant Sarah Benjamin ("defendant Benjamin"), although domiciled in California and thus, a citizen of California, was not properly served.[2]  Id. at 5-6.  Additionally, defendants

---

[2] Defendants appear to concede defendant Benjamin was properly severed, and thus, this is no longer an issue.  See dkt. 32.

Mindlance, Inc. and Nike, Inc. allege defendant Benjamin is a sham or fraudulent defendant because none of the causes of action brought against defendant Benjamin have any merit since defendant Benjamin is not an "employer" as defined under Section 558.1 of California Labor Code. <u>Id.</u> at 6-7. Thus, her inclusion as a defendant does not destroy diversity jurisdiction. <u>Id.</u>

On January 11, 2024, Plaintiff filed the instant Motion to Remand arguing complete diversity has been destroyed because defendant Benjamin has been properly served and was not fraudulently joined since defendant Benjamin can be liable as an employer under Section 558.1 of California Labor Code. Dkt. 31. On February 1, 2024, Defendants filed an Opposition to the Motion to Remand. Dkt. 32. On February 8, 2024, Plaintiff filed a Reply. Dkt. 33. Thus, this matter stands submitted.

## IV.
## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332; <u>see</u> <u>Chavez v. JPMorgan Chase & Co.</u>, 888 F.3d 413, 415 (9th Cir. 2018). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." <u>Luther v. Countrywide Home Loans Servicing LP</u>, 533 F.3d 1031, 1034 (9th Cir. 2008); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

Complete diversity requires "each plaintiff must be of a different citizenship from each defendant." <u>Grancare, LLC v. Thrower by & through Mills</u>, 889 F.3d 543, 548 (9th Cir. 2018) (citing <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996)). However, a district court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." <u>Id.</u>; <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1044 (9th Cir. 2009). "Fraudulent joinder must be proven by clear and convincing evidence." <u>Hamilton Materials, Inc. v. Dow Chem. Corp.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007).

Under the second theory of fraudulent-joinder, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then "the defendant's presence in the lawsuit is ignored for purposes of determining diversity[.]" <u>Morris</u>, 236 F.3d at 1067. But "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." <u>Hunter</u>, 582 F.3d at 1046 (internal quotation marks and citation omitted). The standard for evaluating fraudulent joinder "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." <u>Grancare, LLC</u>, 889 F.3d at 549 (quoting <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946)). "[T]he test for fraudulent joinder and for failure to state a claim under

Rule 12(b)(6) are not equivalent" because "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."  Id.

Ultimately, there is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

## V.
## DEFENDANT BENJAMIN IS NOT FRAUDULENTLY JOINED BECAUSE SHE COULD BE FOUND LIABLE AS AN EMPLOYER UNDER SECTION 558.1 OF CALIFORNIA LABOR CODE

### A.      APPLICABLE LAW

Under Section 558.1 of California Labor Code ("Section 558.1"), a person "acting on behalf of an employer" may be held liable as the employer if that person "is an owner, director, officer, or managing agent of the employer[.]"  The term "managing agent" includes "only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy."  White v. Ultramar, Inc., 21 Cal. 4th 563, 566-67 (1999); see also King v. U.S. Bank Nat'l Ass'n, 53 Cal. App. 5th 675, 714 (2020) ("An employee exercising authority that results in the ad hoc formulation of policy is a managing agent.").[3]  "[A] managing agent [is] more than a mere supervisory employee[,]" but supervisory employees "who have broad discretionary powers and exercise substantial discretionary authority in the corporation could be managing agents."  White, 21 Cal. 4th at 573, 577.  The "critical inquiry is the degree of discretion the employees possess in making decisions[.]"  King, 53 Cal. App. 5th at 713 (internal quotation omitted).  This inquiry is "a question of fact for decision on a case-by-case basis."  White, 21 Cal. 4th at 567.

### B.      ANALYSIS

Here, neither party contests defendant Benjamin is a citizen of California, and thus, her presence in the matter, if proper, destroys complete diversity.  Defendants nonetheless argue diversity is not destroyed because defendant Benjamin was fraudulently joined.  Dkt. 32 at 9-15.  However, as discussed below, there is "a possibility that a state court would find that the complaint states a cause of action against" defendant Benjamin.  Hunter, 582 F.3d at 1046.  Hence, Defendants have not met their burden to establish removal is proper.

Based on Plaintiff's allegations, there is "a possibility that a state court would find" defendant Benjamin is a "managing agent" of defendant Nike under Section 558.1, and therefore, potentially liable as an employer for Plaintiff's claims.  Id.  Plaintiff alleges she reported directly to defendant Benjamin and that defendant Benjamin had the authority to "br[ing] on" employees to

---

[3] Dole v. Verisk Analytics, Inc., No. 22-CV-06625-JD, 2023 WL 2985116, at *2 n.2 (N.D. Cal. Apr. 17, 2023) ("White and King interpreted the term "managing agent" in the context of Cal. Civil Code § 3294(b)," which "applies here because the term is defined identically in Section 558.1(b) of the Labor Code"); see Cal. Labor Code § 558.1(b) (""[M]anaging agent' has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.").

defendant Benjamin's team. Compl. ¶¶ 18, 22, 23. Plaintiff additionally alleges defendant Benjamin "instructed" Plaintiff "to record no more than eight hours per workday," even if she worked more than eight hours, and that defendant Mindlance instructed Plaintiff to comply. Id. ¶¶ 26, 28. Plaintiff alleges she "protested" defendant Benjamin's directive, but defendant Benjamin "did not seem to care" resulting in Plaintiff under-reporting her hours worked. Id. ¶ 28.

Considering these allegations, it is plausible a state court could conclude defendant Benjamin possessed sufficient discretion to be viewed as a managing agent under Section 558.1. See, e.g., White, 21 Cal. 4th at 577 (finding that exercising discretionary authority, including "managing numerous stores on a daily basis and making significant decisions affecting both store and company policy" is sufficient to find a manager/supervisor a "managing agent"); King, 53 Cal. App. 5th at 713-14 (finding an employee-investigator who had discretion to determine how to fairly investigate suspected acts of unethical misconduct could be found to have "the authority and discretion to interpret and apply the investigative policies . . . such that [the employee-investigator's] decisions ultimately determined corporate policy").

Specifically, a state court could find here that defendant Benjamin's discretion to control how Plaintiff reported her time affected defendant Nike's policy and relationship with staffing agencies and professionals hired to work on temporary projects. See Gonzalez v. Sheraton Operating Corp., No. CV-20-8785-DSF-AGRx, 2020 WL 7042817, at *2 (C.D. Cal. Dec. 1, 2020) (granting a motion to remand – even though the court found it "fairly clear that Plaintiff's current conclusory allegations would not survive a motion under Rule 12(b)(6)" – because "whether an individual is a 'managing agent' is a fact-intensive inquiry that does not rely on corporate labels"); see also Ramirez v. Quad Graphics, Inc., No. EDCV 23-62-JGB-KKx, 2023 WL 3254979, at *10 (C.D. Cal. May 4, 2023) (granting motion to remand because "[a] state court would potentially find that the allegations in the Complaint are sufficient to state a claim for Labor Code violations against [defendants] in their capacities as 'managing agents,' deferring resolution of the scope of their managerial duties to a motion for summary judgment and after Plaintiff had an opportunity to conduct discovery").

Although Defendants submit a declaration from defendant Benjamin, in which she denies the allegations and maintains she does "not exercise substantial independent authority and judgment in corporate decision making," Benjamin Decl. ¶ 5, the question of an individual's status under Section 558.1 is "a question of fact for decision on a case-by-case basis." White, 21 Cal. 4th at 567; see also King, 53 Cal. App. 5th at 713 ("[T]he determination of whether certain employees are managing agents does not necessarily hinge on their 'level' in the corporate hierarchy.") (internal quotation marks and citation omitted).

This is not a case "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." Grancare, LLC, 889 F.3d at 548 (9th Cir. 2018); cf. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (denying motion to remand and finding fraudulent joinder where defendant's conduct was privileged under state law); United Comput. Sys. Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (denying motion to remand and finding fraudulent joinder where plaintiff's claims against alleged sham defendant were all predicated on a contract to which the defendant was not a party); Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1320 (9th Cir. 1998) (denying motion to remand and finding fraudulent joinder where defendant shows that plaintiff is barred by the statute of limitations from bringing claims against that defendant).

Hence, because the record establishes there is a possibility a state court could find the Complaint states a cause of action against defendant Benjamin, Defendants have not met their burden to establish removal is proper.  Accordingly, in light of the "strong presumption against removal," the matter must be remanded.  <u>Gaus</u>, 980 F.2d at 566.

**VI.**
**<u>CONCLUSION</u>**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**